IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | | | |
|---|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | | |
| Plaintiff, | ) ) | CASE NO. | |
| v. | ) ) | | |
| PILOTO PHOTO CENTER, INC., | ) ) | COMPLAINT WITH JURY TRIAL DEMAND | |
| Defendant. | ) ) ) | | |
| _____ | ) | | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Charging Party Tania Machin, Charging Party Maria Rodriguez, and a class of similarly situated females who were adversely affected by such practices.

As alleged with greater particularity below in paragraphs ten (10) through twenty-nine (29), Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Charging Party Tania Machin ("Charging Party Machin"), Charging Party Maria Rodriguez ("Charging Party Rodriguez"), and similarly situated female employees were subjected to a hostile work environment by Defendant Piloto Photo Center, Inc. ("Piloto Photo Center"), when its owner, Carlos Piloto, repeatedly and on a regular basis, subjected female employees to sex and/or gender-based harassment. Additionally, Defendant Piloto Photo Center retaliated against

Charging Party Machin and Charging Party Rodriguez for opposing such practices by terminating their employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Piloto Photo Center has continuously been a Florida corporation doing business in the State of Florida and within the City of Miami, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6.      More than thirty days prior to the institution of this lawsuit, Charging Party Tania Machin and Charging Party Maria Rodriguez filed charges with the Commission alleging violations of Title VII by Defendant Piloto Photo Center.

7.      Prior to the institution of this lawsuit, the Commission issued a Letter of Determination finding reasonable cause to believe that Charging Party Tania Machin, Charging Party Maria Rodriguez, and other similarly situated females were subjected to sexual harassment and that Charging Party Machin and Charging Party Rodriguez were retaliated against when they objected to and opposed such treatment.

8.      Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendant's voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10.     Defendant Piloto Photo Center, Inc. is a photography studio and photograph processor located in Miami, Florida.

11.     Defendant is owned and operated by Carlos Piloto.

12.     At all times relevant to this complaint, Carlos Piloto was Defendant's Owner and President.

13.     Charging Party Machin was employed by Piloto Photo Center as a Manager from March 2006 through October 2009.

14.     Charging Party Rodriguez was employed by Piloto Photo Center as a Customer Service Representative from March 2008 through February 2009.

15.     Since at least March of 2006, Charging Party Machin and a class of female employees were subjected to sexual and/or gender-based harassment on an ongoing basis by Piloto Photo Center's Owner and President, Carlos Piloto.

16.     Since at least March of 2008, Charging Party Rodriguez was subjected to sexual and/or gender-based harassment on an ongoing basis by Piloto Photo Center's Owner and President, Carlos Piloto.

17.     Piloto's harassing conduct included, but was not limited to, frequent comments about sexual conduct, the sexual habits of animals, the female anatomy, the male anatomy, displays of pornographic and/or nude photographs, unwelcome sexual innuendo, and unwanted touching. Such conduct included, but is not limited to the following:

a.  Piloto made sexually offensive comments in Spanish on a regular basis to female employees, including but not limited to: "sales are like sex…what you have to do is get it in and once you are in, you have to finish it off," "you are used to giving it up…that's why you are bending over like that," and "oh…its getting late…this should be the time we are out making love."

b.  Piloto also regularly made references to "boobies," and talked about sex, including his sexual activity, a penis pump, and different sexual positions and pleasure.

c.  Piloto also regularly discussed and encouraged female employees to watch animal sex acts on Youtube® and would describe the acts in graphic detail, including a description of the act of penetration.

d.  Piloto also made offensive gender-based comments in Spanish on a daily basis, including but not limited to, calling female employees, "Putas" (sluts or bitches), and telling female employees that using their vaginas was "their main purpose and job."  Piloto also referred to the female employees as "a bunch of prostitutes," and would tell female employees that they had the "fever of the uterus."

4

e. Piloto repeatedly displayed nude photographs to female employees, and would comment on the anatomical features of the individuals in the photographs.

f. Piloto would also regularly hold mandatory "meditation sessions" for his female staff where he would become visibly aroused.

g. Piloto subjected female employees to inappropriate and unwanted touching, including, but not limited to, touching the buttocks of at least two female employees.

18.     Charging Parties Machin and Rodriguez, and similarly situated female employees, attempted to avoid Carlos Piloto and made clear that his conduct was unwelcome.

19.     Carlos Piloto was aware that his comments and conduct were offensive, embarrassing and humiliating to Charging Parties and other female employees but he continued to make comments and engage in inappropriate conduct.

20.     On or about January 2009, Charging Party Rodriguez objected to Piloto's conduct after Piloto had touched her buttocks.  Charging Party Rodriguez immediately told Piloto that she would not let herself be disrespected and would not allow him to continue to treat her the way he did.

21.     Prior to her January 2009 complaint, Charging Party Rodriguez had no work related problems and had never been disciplined by Piloto Photo Center.

22.     Soon after her complaint on or about January 2009, Defendant began retaliating against Charging Party Rodriguez including but not limited to subjecting her to false disciplinary reports, because she objected to, and opposed Carlos Piloto's sexual and/or gender-based inappropriate comments and conduct.

23.     Defendant's retaliatory conduct culminated in her termination on February 9, 2009 because she objected to and opposed Carlos Piloto's sexual and/or gender-based comments and conduct.

24.     Prior to Charging Party Rodriguez's termination, but after her January 2009 complaint, Carlos Piloto told Charging Party Machin that "he no longer wanted [Charging Party] Rodriguez there," and that "he would make sure that [Charging Party] Rodriguez did not collect unemployment."

25.     On or about September 2009, Charging Party Machin objected to Piloto's conduct and told him that he offends the female employees and that she would not tolerate his "offensive and humiliating conduct" anymore.  Machin also told Piloto that he could not continue to treat female employees, including herself, poorly.

26.     Prior to her September 2009 complaint, Charging Party Machin had no significant work related problems and had never been disciplined by Piloto Photo Center.

27.     Soon after her complaint in September 2009, Defendant began retaliating against Charging Party Machin including, but not limited to acting hostile toward her and by falsifying a sales report and falsely attributing an error to her, because she objected to, and opposed Carlos Piloto's sexual and/or gender-based comments and conduct.

28.     Defendant's retaliatory conduct culminated in her termination on October 18, 2009 because she objected to and opposed Carlos Piloto's sexual and/or gender-based comments and conduct.

29.     As a result of the foregoing, Charging Parties and similarly situated female employees suffered damages.

STATEMENT OF CLAIMS

30.     On a continuing basis since at least March of 2006, Defendant engaged in unlawful employment practices at Piloto Photo Center's Miami location in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a) by:

a.   subjecting Charging Party Tania Machin, Charging Party Maria Rodriguez and a class of similarly situated female employees to a hostile work environment based on their sex (female); and

b.   retaliating against Charging Parties Machin and Rodriguez for opposing the unlawful employment practices.

31.     The effect of the unlawful employment practices complained of in paragraphs ten (10) through twenty-nine (29) above has been to deprive Charging Parties and similarly situated female employees who worked at Piloto Photo Center since at least March 2006 of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, female.

32.     The unlawful employment practices complained of in paragraphs ten (10) through twenty-nine (29) above were intentional and caused Charging Party Machin, Charging Party Rodriguez, and similarly situated females who worked for Defendant to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries.

33.     The unlawful employment practices complained of in paragraphs ten (10) through twenty-nine (29) above were intentional and caused Charging Party Machin, Charging Party

Rodriguez, and similarly situated females who worked for Defendant to lose earnings, compensation and income including, but not limited to, back-pay.

34.     The unlawful employment practices complained of in paragraphs ten (10) through twenty-nine (29) above were done with malice or with reckless indifference to the federally protected rights of Charging Party Machin, Charging Party Rodriguez, and similarly situated females employed by Defendant.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting female employees to unwelcome, sexual and gender-based harassment and retaliation for opposing such harassment;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female, and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make whole Charging Party Machin, Charging Party Rodriguez, and similarly situated females, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Party Machin, Charging Party Rodriguez, and similarly situated female employees or front pay in lieu thereof;

G.     Order Defendant to make whole Charging Party Machin, Charging Party Rodriguez, and similarly situated female employees, by providing compensation for past and

future pecuniary losses resulting from the unlawful employment practices described in paragraphs ten (10) through twenty-nine (29), in amounts to be determined at trial;

H.      Order Defendant to make whole Charging Party Machin, Charging Party Rodriguez, and similarly situated female employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs ten (10) through twenty-nine (29) above, in amounts to be determined at trial;

I.      Order Defendant to pay Charging Party Machin, Charging Party Rodriguez, and similarly situated females punitive damages for its malicious and reckless conduct described in paragraphs ten (10) through twenty-nine (29) above, in amounts to be determined at trial;

J.      Grant such further relief as the Court deems necessary and proper in the public interest; and

K.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

KIMBERLY A. McCOY-CRUZ
Supervisory Trial Attorney


/s/ Kaleb M. Kasperson
KALEB M. KASPERSON
Senior Trial Attorney
Florida Bar No. 658766

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, Florida 33131
Tel: (305) 808-1786
Fax: (305) 808-1835
Email: kaleb.kasperson@eeoc.gov